Nazareth Mills, Incorporated v. Commissioner.
Nazareth Mills v. Commissioner
Docket No. 16505.
United States Tax Court
1949 Tax Ct. Memo LEXIS 262; 8 T.C.M. (CCH) 164; T.C.M. (RIA) 49038; February 16, 1949
*262 Milton N. Mound, Esq., for the petitioner. Francis X. Gallagher, Esq., for the respondent. OPPER
Memorandum Findings of Fact and Opinion OPPER, Judge: By this proceeding petitioner challenges respondent's determination of a deficiency in excess-profits tax for 1943, in the amount of $21,739.54. The sole question is whether respondent erred in disallowing a deduction as an ordinary and necessary business expense of an amount paid to the Office of Price Administration by reason of petitioner's overcharges to its customers. The case was submitted upon a stipulation of facts and evidence adduced at the hearing. Those facts hereinafter appearing which are not from the stipulation are otherwise found from the record. Findings of Fact The stipulated facts are hereby found accordingly. Petitioner (formerly known as Nazareth Waist Company) is a Pennsylvania corporation with its principal office at Nazareth, Pennsylvania. It filed its excess-profits tax return for 1943 with the collector of internal revenue for the twelfth collection district of Pennsylvania. In 1942 and for many years previous, petitioner was engaged in the manufacture of children's knitted cotton *263 underwear. On January 26, 1943, petitioner was advised in a letter from the Assistant General Counsel of the Office of Price Administration, Washington, D.C., as follows: "This will acknowledge receipt of your letter dated December 14, 1942, enclosing (1) a copy of your Fall 1942 Price List which you state is being filed pursuant to the requirements of Section 1389.307(a)(3) of Maximum Price Regulation No. 221, and (2) a copy of your letter dated February 11, 1942 to Mr. Myer Alsberg. "You indicate that your maximum prices have been established under Section 1389.302(a)(2) of Maximum Price Regulation No. 221 pursuant to the Fall 1942 Price List which you enclosed with your letter. It appears that this price list carries a date of February 19, 1942. You further state that this price list was distributed to your trade on or about February 15, 1942 but that the prices on this list were effective on and after February 10, 1942. In substantiation of this you refer to your letter dated February 11, 1942 to one of your customers. "Please be advised that, from the facts stated in your letter, it appears that it is not permissible for you to establish your maximum prices pursuant to *264 your Fall 1942 Price List dated February 19, 1942. In order to establish maximum prices pursuant to a price list under Section 1389.302(a)(2), it is required that such price list must have been 'distributed generally to the customers or prospective customers of the manufacturer on or before February 10, 1942.' Your letter indicates that your price list was not generally distributed to your customers until February 15, 1942. The mere fact that the prices in your list were named and effective on February 10, 1942 is not sufficient. "The sale, delivery or offer for sale of garments at prices in excess of those properly established by Maximum Price Regulation 221 constitutes a violation of the regulation. It is suggested that you promptly take steps to establish correct prices for all of the commodities sold, delivered or offered for sale by you in accordance with Maximum Price Regulation 221 and that you promptly file a corrected statement pursuant to Section 1389.307(a) with this Office." On or about March 10, 1943, petitioner had a final conference with the Office of Price Administration in Washington, and submitted a list of its customers and the amount of refund it was prepared *265 to pay to each, seeking advice as to whether the refund should be by individual check or credit memorandum. The representative of the Office of Price Administration urged petitioner to pay the aggregate amount to the United States Treasury. Petitioner was similarly advised by the Philadelphia Office of Price Administration to which the matter was referred. On May 6, 1943, a letter to petitioner from the Chief Enforcement Attorney in the Office of Price Administration, Philadelphia, Pennsylvania, stated: "We have received your letter of April 20, 1943 enclosing your computation of the charges made by you in excess of those permitted under Maximum Price Regulation No. 221 showing the total of such overcharges to be $20,378.97. Under the Emergency Price Control Act of 1942 you are subject to suit on behalf of the Administrator for three times that amount, of $61,136.91. "However, in view of the fact that we are convinced that said violations were not intentional nor deliberate upon your part, we recommend settlement of said claim in the sum of $20,378.97 which recommendation has been approved. Will you, therefore, forward to us your check to the order of the United States Treasury *266 in that amount. "The acceptance of that amount in settlement is restricted, of course, only to such overcharges as were indicated in the computation submitted by you. We reserve the right to take appropriate action with respect to any violations, past or present, which may hereafter come to our attention." On May 7, 1943, petitioner forwarded to the Office of Price Administration, Philadelphia, its check for $20,378.97, issued to the order to the United States Treasury, as settlement in full of the overcharge. After making the refund petitioner charged the amount of that payment on its books against its gross sales, and in its tax return for 1943 it showed total sales of $1,985,883, and did not show the item of $20,378.97 as a deduction. In the notice of deficiency, respondent stated: "(a) The item of $20,378.97, representing an alleged payment made during the taxable year 1943 to the Price Administrator, Office of Price Administration, has been disallowed as a deduction from gross income, for the reason that such alleged payment does not represent an ordinary and necessary business expense." Opinion There are no facts in this proceeding which serve to entitle petitioner *267 to a more favorable result than that in , which we must consequently consider controlling. On authority of that case, the issue will have to be decided in favor of respondent. The issue is not the same as that in (December 23, 1948), and the present situation was expressly distinguished in that case. Any suggestion that because petitioner's stockholders have changed since the period here involved the deficiency should not be imposed upon the new stockholders, is without merit. The corporation, which is the taxpayer, has remained the same. . Decision will be entered for the respondent.